Michael E. Larkin
Law Office of Michael E. Larkin
405 W. Franklin Street
Tucson, Az.  85701
(520) 620-6700
(520) 620-6702 - Fax

Arizona State Bar No. 009497
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| GLENDA MORENO, in her own right, | ) | |
| | ) | NO:4:14-cv-02022-FRZ-CRP |
| Plaintiff, | ) | |
| | ) | **FIRST AMENDED** |
| v. | ) | **COMPLAINT** |
| | ) | |
| MINNESOTA LIFE INSURANCE CO, a | ) | Consumer Fraud, Insurance Fraud, |
| foreign corporation doing business in | ) | Negligent Misrepresentation, |
| Arizona;  SECURIAN  FINANCIAL | ) | Fraudulent Concealment and Estoppel |
| NETWORK, INC., a foreign corporation | ) | |
| doing business in Arizona; SECURIAN | ) | JURY REQUESTED |
| FINANCIAL SERVICES, INC., a foreign | ) | |
| corporation doing business in Arizona; | ) | |
| AFFINION BENEFITS GROUP, L.L.C., a | ) | |
| foreign limited liability company doing | ) | |
| business in Arizona; AFFINION GROUP, | ) | |
| L.L.C., a foreign limited liability company | ) | |
| doing business in Arizona; AFFINION | ) | |
| GROUP, INC., a foreign corporation | ) | |
| doing business in Arizona;  WELLS | ) | |
| FARGO  &  CO.,  A  FOREIGN | ) | |
| CORPORATION  doing  Business  in | ) | |
| Arizona; WELLS  FARGO    BANK, | ) | |
| NATIONAL ASSOCIATION, a foreign | ) | |
| corporation doing business in Arizona; | ) | |
| WELLS  FARGO  INSURANCE | ) | |
| SERVICES  USA,  INC.,  a  foreign | ) | |
| corporation doing business in Arizona; | ) | |
| WELLS FARGO INSURANCE, INC., a | ) | |
| foreign corporation doing business in | ) | |
| Arizona; JOHN DOES 1-3; JANE DOES | ) | |
| 1-3; ABC CORPORATIONS 1-3, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

Plaintiff GLENDA MORENO,  by and through her attorney, Michael E. Larkin, for her  complaint against MINNESOTA LIFE INSURANCE CO, a foreign corporation doing business in Arizona; SECURIAN FINANCIAL NETWORK, INC., a foreign corporation doing business in Arizona; SECURIAN FINANCIAL SERVICES, INC., a foreign corporation doing business in Arizona; AFFINION BENEFITS GROUP, L.L.C., a foreign limited liability company doing business in Arizona; AFFINION GROUP, L.L.C., a foreign limited liability company doing business in Arizona; AFFINION GROUP, INC., a foreign corporation doing business in Arizona; WELLS FARGO & CO., A foreign corporation doing Business in Arizona; WELLS FARGO  BANK, NATIONAL ASSOCIATION, a foreign corporation doing business in Arizona; WELLS FARGO INSURANCE SERVICES USA, INC., a foreign corporation doing business in Arizona; WELLS FARGO INSURANCE, INC., a foreign corporation doing business in Arizona , allege as follows:

**1.**

This Court has jurisdiction pursuant to 28 U.S.C. Section 1332.   At all times relevant, Plaintiff was a  resident of Pima County, Arizona.

**2.**

At all times relevant, Defendants MINNESOTA LIFE INSURANCE CO, a foreign corporation doing business in Arizona; SECURIAN FINANCIAL NETWORK, INC., a foreign corporation doing business in Arizona; SECURIAN FINANCIAL SERVICES, INC., a foreign corporation doing business in Arizona; AFFINION BENEFITS GROUP, L.L.C., a foreign limited liability company doing business in

Arizona; AFFINION GROUP, L.L.C., a foreign limited liability company doing business in Arizona; AFFINION GROUP, INC., a foreign corporation doing business in Arizona, WELLS FARGO & CO., a Foreign corporation doing Business in Arizona; WELLS FARGO BANK, NATIONAL ASSOCIATION, a foreign corporation doing business in Arizona; WELLS FARGO INSURANCE SERVICES USA, INC., a foreign corporation doing business in Arizona; WELLS FARGO INSURANCE, INC., a foreign corporation doing business in Arizona caused an event to occur in Pima County, Arizona, out of which this cause of action arises and transactions alleged in this complaint took place in Pima County, Arizona subjecting these Defendants to the jurisdiction of this Court. Venue is proper in Pima, County Arizona and this court has jurisdiction of this action pursuant to Ariz. Constitution, Art. 6 section 14 and A.R.S 12-123.

**3.**

Defendants JOHN DOES and JANE DOES 1 through 3 are residents of the State of Arizona and the events referred to occurred in the State of Arizona out of which this cause of action arose, whose true names are not known at present but will be submitted when discovered; that ABC CORPORATIONS 1 through 3 are corporations doing business in the State of Arizona or caused an event to occur in the State of Arizona out of which this cause of action arose whose true names are not known to Plaintiff at present but which will be substituted when discovered.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

**4.**

Defendant MINNESOTA LIFE INSURANCE CO. is an insurance company

which advertises to, solicits to, distributes to, publishes to  and contracts with  Arizona residents including Jose C. Reynoso life insurance policies including accidental death policies to pay beneficiaries upon the death of its insureds specified death benefits in return for the payment of specified premiums.

**5.**

Defendant SECURIAN FINANCIAL  NETWORK, INC. is corporation which advertises to, solicits to, distributes to, publishes to  and contracts with  Arizona residents including Jose C. Reynoso life insurance policies including accidental death policies to pay beneficiaries upon the death of its insureds specified death benefits in return for the payment of specified premiums through its wholly owned subsidiary MINNESOTA LIFE INSURANCE CO.

**6.**

Defendant SECURIAN FINANCIAL  SERVICES, INC. is a corporation which advertises to, solicits to, distributes to, publishes to  and contracts with  Arizona residents including Jose C. Reynoso life insurance policies including accidental death policies to pay beneficiaries upon the death of its insureds specified death benefits in return for the payment of specified premiums through its wholly owned subsidiary MINNESOTA LIFE INSURANCE CO.

**7.**

Defendant AFFINION  BENEFITS  GROUP, L.L.C. is a corporation doing business in Arizona in conjunction with the other Defendants to  administer the life insurance  contracts  entered  into  and  sold  by  Defendants  MINNESOTA  LIFE

INSURANCE CO.; SECURIAN FINANCIAL NETWORK, INC. and SECURIAN FINANCIAL SERVICES, INC.

**8.**

Defendant AFFINION GROUP, INC. is corporation doing business in Arizona in conjunction with the other Defendants to administer the life insurance contracts entered into and sold by Defendants MINNESOTA LIFE INSURANCE CO.; SECURIAN FINANCIAL NETWORK, INC. and SECURIAN FINANCIAL SERVICES, INC.

**9.**

AFFINION GROUP, L.L.C., is a foreign limited liability company doing business in Arizona in conjunction with the other Defendants to administer the life insurance contracts entered into and sold by Defendants MINNESOTA LIFE INSURANCE CO.; SECURIAN FINANCIAL NETWORK, INC. and SECURIAN FINANCIAL SERVICES, INC.

**10.**

WELLS FARGO & CO., is a bank holding company operating as a consumer banking company by and through its wholly owned subsidiary WELLS FARGO BANK, NATIONAL ASSOCIATION which is a consumer banking company that provided consumer finance and insurance services in Arizona in conjunction with the other Defendants; Upon information and belief WELLS FARGO INSURANCE SERVICES USA, INC., is a wholly owned subsidiary of WELLS FARGO & Co. which provided insurance services to clients of WELLS FARGO BANK NATIONAL

ASSOCIATION including Jose C. Reynoso; Upon further information and belief, WELLS FARGO INSURANCE, INC., is a wholly owned subsidiary of WELLS FARGO & Co. which provided insurance services to clients of WELLS FARGO BANK NATIONAL ASSOCIATION including Jose C. Reynoso.

**11.**

In April, 2012, Jose C. Reynoso was an 83 year old primarily Spanish speaking, retired landscape laborer and resident of Tucson, Arizona.

**12.**

In April 2012, Jose C. Reynoso had a consumer checking  account with and was a customer of Defendant WELLS FARGO BANK NATIONAL ASSOCIATION.

**13.**

In April, 2012, Jose C. Reynoso received a written solicitation through Defendant WELLS FARGO BANK NATIONAL ASSOCIATION to purchase an accidental death life insurance policy providing death benefits of "up to $300,000 of protection" plus an additional $1,000 of coverage.

**14.**

In the solicitation from Defendant WELLS FARGO BANK NATIONAL ASSOCIATION, Defendant MINNESOTA LIFE INSURANCE CO.  offered  to pay to the designated beneficiary of JOSE C. REYNOSO'S  choice the sum of $300,0000 upon the accidental death of Jose C. Reynoso so long as he agreed to pay the monthly   premium of $5.50 per $50,000 in death benefit coverage per month by automatic withdrawal from Jose C. Reynoso's Wells Fargo Bank N.A. checking

account.

**15.**

Jose C. Reynoso accepted the offer of Defendant MINNESOTA LIFE INSURANCE CO. for a $300,000 death benefit by checking off the $300,000 in coverage that Defendant said he was eligible for and recommended, designating the Plaintiff as his intended beneficiary,  signing activation form (Exhibit A attached to and incorporated by reference) and returning it as well as continuing the payment of the monthly premium of $33.00 ($5.50 per $50,000 in coverage).

**16.**

Jose C. Reynoso designated  Glenda "Brenda" Moreno the beneficiary on the MINNESOTA LIFE INSURANCE  CO. accidental death benefit of $300,000.

**17.**

On February 2, 2013, Jose C. Reynoso died as a result of an accident.

**18.**

The accidental death insurance policy with MINNESOTA LIFE INSURANCE CO. for $300,000 was in force and the monthly premium was paid at the time of death of Jose C. Reynoso by accidental means.

**19.**

Upon the death of Jose C. Reynoso by accidental means,  Glenda Moreno as the designated beneficiary under the life insurance contract providing for a $300,000 death benefit entered into by MINNESOTA LIFE INSURANCE CO. and paid for by Jose C. Reynoso made demand upon MINNESOTA LIFE INSURANCE CO. for the

$300,000 death benefit paid for by Jose C. Reynoso

**20.**

On December 18, 2013, Defendant MINNESOTA LIFE INSURANCE CO. paid Glenda Moreno only $150,000 of the $300,000 death benefit it contracted to pay and which was paid for by Jose C. Reynoso.

**21.**

Upon information and belief, it is alleged that the corporate defendants other than Defendant Minnesota Life Insurance Company had a financial interest in the sale of the insurance policy to Mr. Reynoso in which the Plaintiff was the designated beneficiary.

**22.**

The specific activities of each of the Defendants including the activities of individual officers of the various corporate Defendants is peculiarly within the knowledge of these Defendants and must await discovery. The acts complained of herein were the collective actions of the officers of the corporate Defendants.

**FIRST CLAIM FOR RELIEF**

Consumer Fraud - A.R.S. Sec. 44-1521 et seq.

**23.**

Plaintiffs adopt herein by reference all allegations in the preceding paragraphs.

**24.**

On or shortly before April 12, 2013, Defendant Minnesota Life Insurance Company provided to Mr. Reynoso at his home in Tucson, Arizona a Minnesota Life

Insurance Company Accidental Death & Dismemberment Insurance request form entitled "Activation Form" through Defendant Wells Fargo N.A. in conjunction with Mr. Reynoso's  Wells Fargo Checking Account.

**25.**

The Minnesota Life Insurance Company Accidental Death & Dismemberment Insurance activation form stated:

"**J. Reynoso, please  complete, signed and return this form to  receive your coverage.**"

This statement "J. Reynoso, please complete, sign and return this form to  receive your coverage." was in bold print, twelve point type at the top of the page.

**26.**

The Minnesota Life Insurance Company Accidental Death & Dismemberment Insurance  activation form further stated in pre-printed bold 12 point type at the top of the form :

**"Please increase my coverage. I am eligible for up to $300,000 of protection"**

**27.**

The Minnesota Life Insurance Company Accidental Death & Dismemberment Insurance  activation form further stated in the top of the form:

"Yours for as little as $5.50 per month per $50,000 of coverage (Plus you also get the $1,000 of coverage paid by Wells Fargo Bank, N.A.)"

**28.**

The Minnesota Life Insurance Company Accidental Death & Dismemberment

Insurance  activation form stated:

Recommended for J. Reynoso

**$300,000** which was also in bold print larger than 12 point type.

**29.**

The Defendant Minnesota Life Insurance Company Accidental Death & Dismemberment Insurance activation form requested that Mr. Reynoso check the amount of coverage he wanted, sign the form, date it and return it to the Defendant Wells Fargo Bank N.A. and Defendant Minnesota Life Insurance Company  in order to enter into the agreement with Minnesota Life Insurance Company for the $300,000 in accidental death coverage which Jose C. Reynoso did. Mr. Reynoso designated the Plaintiff as the beneficiary.

**30.**

Mr. Reynoso signed and returned the activation form to Defendant Wells Fargo Bank N.A and Defendant Minnesota Life Insurance Company.

**31.**

The Defendant Minnesota Life Insurance Company represented in the Activation From received by Jose C. Reynoso in his home in Tucson on or before April, 2012  that it would  pay the Beneficiary designated by  Jose C. Reynoso $300,000 when he died of an accidental cause provided he pay $5.50 per $50,000 in coverage per month.

**32.**

After April 12, 2012 until  his death on Feb. 3, 2013, Defendant Minnesota Life

Insurance Company charged Jose C. Reynoso for $33.00 for $300,000 worth of coverage as he had requested.

**33.**

From April 12, 2012, Defendant Minnesota Life Insurance Company in cooperation with Defendant Wells Fargo Bank N.A  thereafter until the accidental death of Jose C. Reynoso deducted from Jose C. Reynoso's checking account and paid to Defendant Minnesota Life Insurance Company the $33.00,  amount stated in Activation Form  for $300,000 worth of coverage( $5.50 per $50,000  worth of coverage) per month.

**34.**

The Defendant Minnesota Life Insurance Company represented in the Activation Form received by Jose C. Reynoso in his home in Tucson, Arizona that Jose C. Reynoso was eligible for and entitled to $300,000 in coverage so long as he paid Defendant Minnesota Life Insurance company $5.50 per $50,000 in coverage or $33.00.

**35.**

The Defendant Minnesota Life Insurance Company Accidental Death & Dismemberment Insurance  activation form hid the following statement at the bottom of the activation form, an inch below the signature line amongst other fine text unrelated to the terms of the insurance  in non-bold print in a size less than half of the bold print offering coverage of $300,000:

"All coverage is reduced by 50% at age 70."

**36.**

Defendant Minnesota Life Insurance Company charged Jose C. Reynoso for $300,000 worth of coverage.

**37.**

Jose C. Reynoso paid for $300,000 worth of coverage under the Defendant Minnesota Life Insurance Company accidental death & dismemberment insurance policy.

**38.**

Defendant Minnesota Life Insurance Company and Defendant Wells Fargo N.A. knew that Jose C. Reynoso was 83 years old when he purchased the Minnesota Life Insurance Company accidental death & dismemberment insurance policy yet the only notice by Defendant Minnesota Life Insurance  that Defendant Minnesota Life insurance intended to reduce the $300,000 coverage by 50% was buried at the bottom of the activation in fine print amongst other text, numbers and symbols unrelated to coverage .

**39.**

When Jose C. Reynoso died of an accidental cause,  Defendant  Minnesota Life Insurance Company paid  Jose C. Reynoso's beneficiary refused to pay Jose C. Reynosos's designated beneficiary the $300,000 in coverage, instead paying the Plaintiff,  Ms. Moreno received just $150,000 of the $300,000 in coverage providing a windfall  of $150,000 to Defendant Minnesota Life Insurance Company. .

**40.**

Defendant Minnesota Life Insurance Company suppressed the fact that it intended to pay Jose C. Reynoso's beneficiary only 50% of the coverage requested and paid for by Jose C. Reynoso each month until is death by highlighting in large bold print at the top of the page that Jose C. Reynoso could have $300,000 in coverage and burying in fine print one inch below the form's signature line amongst text, numbers and symbols unrelated to coverage a term that "All coverage is reduced by 50% at age 70." (All coverage is reduced by 50% at age 70) .

**41.**

Defendant Minnesota Life Insurance Company suppressed the fact that it intended to pay Jose C. Reynoso's beneficiary only 50% of the coverage requested and paid for by Jose C. Reynoso each month until his death by suggesting that he buy $300,000 in coverage, advising him of the cost of $5.50 per $50,000 in coverage ($33.00) per month and charging him for $300,000 ($33.00) each month and burying at the very bottom of the activation form, one inch below the signature line amongst text, numbers and symbols  the following all coverage is reduced by 50% at age 70.

**42.**

Defendant Minnesota Life Insurance Company knew at the time of the receipt of the premium that Jose C. Reynoso was 83 years old.

**43.**

Defendant Minnesota Life Insurance Company misrepresented that Jose C. Reynoso was entitled to $300,000 worth of coverage under the policy of accidental death & dismemberment insurance policy when Defendant Minnesota Life Insurance

Company offered it to Jose C. Reynoso at his home in Tucson in April 2012 by way of the Activation Form sent to him by Defendant Minnesota Life Insurance Company in conjunction with Defendant Wells Fargo Bank N.A. in connection with Jose C. Reynoso's checking account with Defendant Wells Fargo Bank N.A by suggesting that he buy $300,000 in coverage, highlighting the $300,000 in coverage in large bold print at the top of the page, advising him of the cost of $5.50 per $50,0000 ($33.00), charging him for $300,000 in coverage,  by accepting $33.00 per month in premium and  then when Jose C. Reynoso had died asserting a right to rely on a term buried at the very bottom of the activation form an inch below his signature in fine print amongst text, numbers and symbols unrelated to coverage the following: all coverage is reduced by 50% at age 70.

### 44.

Defendant Minnesota Life Insurance Company intended that Jose C. Reynoso and his intended beneficiary, the Plaintiff, rely on the Defendant Minnesota Life Insurance Company's statements that he was entitled to $300,000 in coverage in its activation form, that he purchased and paid for $300,000 and Defendant Minnesota Life Insurance Company would pay to his named beneficiary $300,000 upon Jose C. Reynoso's accidental death.

### 45.

Jose C. Reynoso and the Plaintiff reasonably relied on the representations in the Defendant's Activation Form that Defendant Minnesota Life Insurance Company that Jose C. Reynoso was eligible and entitled to $300,000 in accidental coverage,

had purchased $300,000 in said coverage by indicating the $300,000 coverage box

signing the Activation Form and returning th Activation Form with the Plaintiff

designated as the beneficiary and the payment of $5.50 per $50,000 in

coverage($33.00) per month and that Defendant Minnesota Life Insurance Company

would pay $300,000 to the Plaintiff upon the accident death of Jose C. Reynoso..

**46.**

Burying the statement all coverage is reduced by 50% at age 70 in fine print at the bottom of the

activation form an inch below the signature line among other text of names, numbers

and symbols unrelated to the coverage while highlighting at the top of the page that

Jose C. Reynoso was eligible for $300,000 in coverage, the Defendant recommended

$300,000 in coverage, he could pay $33.00 per month for $300,000 in coverage and

accepting the activation form and payment of $33.00 per month until Jose C.

Reynoso's accidental death was misleading when it knew that Jose C. Reynoso was

83 years old at the time he purchased the insurance and it intended to reduce the

$300,000 coverage to $150,000 upon the accidental death of Jose C. Reynoso.

**47.**

Defendant Minnesota Life Insurance Company deceived Jose C. Reynoso by

burying the statement all coverage is reduced by 50% at age 70 in fine print at the bottom of the activation

form an inch below the signature line among other text of names, numbers and

symbols unrelated to the coverage while highlighting at the top of the page that Jose

C. Reynoso was eligible for $300,000 in coverage, the Defendant recommended

$300,000 in coverage, he could pay $33.00 per month for $300,000 in coverage and

accepting the activation form and payment of $33.00 per month until Jose C. Reynoso's accidental death was misleading when it knew that Jose C. Reynoso was 83 years old at the time he purchased the insurance.

**48.**

Defendant Minnesota Life Insurance Company concealed the material fact that $300,000 in coverage agreed to by Minnesota Life Insurance Company and purchased by Jose C. Reynoso for the benefit of the Plaintiff was automatically reduced by 50% because Jose C. Reynoso was 83 at the time of his purchase of and payment for the Defendant Minnesota Life Insurance Company's accidental death and dismemberment policy with the statement all coverage is reduced by 50% at age 70 buried in fine print at the bottom of the activation form an inch below the signature line among other text of names, numbers and symbols unrelated to the coverage while highlighting at the top of the page that Jose C. Reynoso was eligible for $300,000 in coverage, the Defendant recommended $300,000 in coverage, he could pay $33.00 per month for $300,000 in coverage and accepting the activation form and payment of $33.00 per month until Jose C. Reynoso's accidental death was misleading when it knew that Jose C. Reynoso was 83 years old at the time he purchased the insurance.

**49.**

Defendant Minnesota Life Insurance Company suppressed material facts about its accidental death and dismemberment insurance policy by burying the statement all coverage is reduced by 50% at age 70 in fine print at the bottom of the activation form an inch below the

signature line among other text of names, numbers and symbols unrelated to the coverage while highlighting at the top of the page that Jose C. Reynoso was eligible for $300,000 in coverage, the Defendant recommended $300,000 in coverage, he could pay $33.00 per month for $300,000 in coverage and accepting the activation form and payment of $33.00 per month until Jose C. Reynoso's accidental death was misleading when it knew that Jose C. Reynoso was 83 years old at the time he purchased the insurance.

**50.**

Defendant Minnesota Life Insurance Company deceived Jose C. Reynoso and his intended beneficiary that Jose C. Reynoso had purchased $300,000 in coverage for his intended beneficiary, the Plaintiff and Defendant Minnesota Life Insurance Company would pay Jose C. Reynoso;s intended beneficiary $300,000 upon the accidental death of Jose C. Reynoso by placing the statement all coverage is reduced by 50% at age 70 in fine print at the bottom of the activation form an inch below the signature line among other text of names, numbers and symbols unrelated to the coverage while highlighting at the top of the page that Jose C. Reynoso was eligible for $300,000 in coverage, the Defendant recommended $300,000 in coverage, he could pay $33.00 per month for $300,000 in coverage and accepting the activation form and payment of $33.00 per month until Jose C. Reynoso's accidental death was misleading when it knew that Jose C. Reynoso was 83 years old at the time he purchased the insurance.

**51.**

Defendant Minnesota Life Insurance Company made a false promise to pay $300,000 in coverage to the intended beneficiary, the Plaintiff, upon the accidental death of Jose C. Reynoso in Minnesota Life Insurance Activation Form by highlighting at the top of the page that Jose C. Reynoso was eligible for $300,000 in coverage, the Defendant recommended  $300,000 in coverage, he could pay $33.00 per month for $300,000 in coverage and accepting the activation form and payment of $33.00 per month until Jose C. Reynoso's accidental death while burying the statement all coverage is reduced by 50% at age 70 in fine print at the bottom of the activation form an inch below the signature line among other text of names, numbers and symbols unrelated to the coverage when it knew or should have known that Jose C. Reynoso was 83 years old at the time he purchased the insurance.

**52.**

Defendant Minnesota Life Insurance Company voluntarily intended to bury the statement all coverage is reduced by 50% at age 70 in fine print at the bottom of the activation form an inch below the signature line among other text of names, numbers and symbols unrelated to the coverage while highlighting at the top of the page that Jose C. Reynoso was eligible for $300,000 in coverage, the Defendant recommended $300,000 in coverage, he could pay $33.00 per month for $300,000 in coverage and accepting the activation form and payment of $33.00 per month until Jose C. Reynoso's accidental death was misleading when it knew that Jose C. Reynoso was 83 years old at the time he purchased the insurance.

**53.**

Defendants including Defendant Minnesota Life Insurance Company by the aforementioned deceptive, misleading, false promise that it would pay $300,000 to the Plaintiff  upon the accidental death of Jose C. Reynoso harmed and deprived the Plaintiff of $150,000 of the $300,000 in accidental death benefit coverage purchased and paid for by Jose C. Reynoso.

**54.**

Jose C. Reynoso and the Plaintiff relied on Defendant Minnesota Life Insurance Company when it represented to him that was eligible for $300,000 in coverage, was entitled to $300,000 in coverage, could have $300,000 in coverage and did in fact purchase and pay fully for $300,000 in coverage and Plaintiff was entitled to receive from Defendant Minnesota Life Insurance Company, should have received $300,000 in coverage upon the accidental death of Jose C. Reynoso on Feb. 3, 2013 while the Defendant Minnesota Life Insurance accidental death and dismemberment insurance policy was in effect on the life of Jose C. Reynoso.

**55.**

Defendant Minnesota Life Insurance Company  intended to defraud the Plaintiff of $150,000 and/or consciously pursued its  course of conduct with reckless disregard to the harm it caused the Plaintiff. In so doing, Defendant  created a substantial risk of significant harm to the Plaintiff, committed acts of intentional, egregious and outrageous conduct and acted with evil hand guided with an evil mind that should

subject it  to punitive damages.

**56.**

As a result of Defendants' deception, false pretense, false promises, misrepresentations and or concealed or suppressed material facts, Plaintiff suffered damages and Defendants , individually and jointly are liable to Plaintiff for all direct and consequential damages as well as punitive damages.

**SECOND CLAIM FOR RELIEF**

Insurance Fraud-A.R.S. Sec. 443 et seq.

**57.**

Plaintiff adopts herein by reference all allegations of all preceding paragraphs.

**58.**

The Defendant Minnesota Life Insurance Company solicited by way of an activation form sent to the home of Jose C. Reynoso in Tucson in April, 2012 an offer for $300,000 in accidental death coverage when Defendant Minnesota Life Insurance Company intended to reduce the coverage by 50% upon the accidental death of Jose C. Reynoso.

**59.**

In the activation form, Defendant Minnesota Life Insurance Company suppressed the fact that it intended to reduce the coverage by 50% in the manner described in Count 1.

**60.**

Defendant Minnesota Life Insurance Company misrepresented in its activation form sent to Jose C. Reynoso;s residence in Tucson in April, 2012 that Mr. Reynoso had $300,000 in coverage and that Defendant Minnesota Life Insurance Company would pay Jose C. Reynoso's intended beneficiary, the Plaintiff, $300,000 in coverage upon the accidental death of Jose C. Reynoso; the manner of the misrepresentation is detailed in Count 1;

**61.**

Defendant Minnesota Life Insurance Company perpetuated the misrepresentation by requiring and accepting payment of $5.50 per $50,000 in coverage($33.00) per month from April, 2012 to the time of his death in Feb. , 2013.

**62.**

Defendant Minnesota Life Insurance Company deceived Jose C. Reynoso to the detriment of his intended beneficiary, the Plaintiff, that Defendant Minnesota Life Insurance Company agreed to pay to the designated beneficiary of Jose C. Reynoso $300,000 in coverage for accidental death insurance by way of an activation form as described in Count 1, Jose C. Reynoso purchased $300,000 coverage in accidental death insurance from Defendant Minnesota Life Insurance Company by returning the signed activation form checking the $300,000 in coverage the Defendant Minnesota Life Insurance Company said Jose C. Reynoso was eligible for, recommended by Defendant Minnesota Life Insurance Company, agreed to by Defendant Minnesota Life Insurance Company provided the premium of $33.00 per month for $300,000 in

coverage was paid to Defendant Minnesota Life Insurance Company which Defendant Minnesota Life Insurance Company deducted from Jose C. Reynoso's account $5.50 per $50,000 ($33.00) per month; Defendant Minnesota Life insurance company promised $300,000 in coverage, charged for $300,000 in coverage but knew it was only going to pay the Plaintiff $150,000 in the event Mr. Reynoso died accidentally.

**63.**

The Defendant Minnesota Life Insurance Company purposely and intentionally arranged the wording including size, character of the font and placement on the Activation Form as described in Count 1 so that Jose C. Reynoso and his intended beneficiary, the Plaintiff, would rely on the representation that Mr. Jose C. Reynoso had purchased $300,000 in coverage for accidental death insurance and Defendant Minnesota Life Insurance Company would pay $300,000 in coverage upon the accidental death of Jose C. Reynoso.

**64.**

Jose C. Reynoso and the Plaintiff relied on Minnesota Life Insurance Company's representations that it would pay $300,000 in coverage upon the accidental death of Jose C. Reynoso and when Jose C. Reynoso died of accidental causes Defendant Minnesota Life Insurance Company paid the Plaintiff only $150,000 of the promised $300,000 in coverage reaping the benefit of the $300,000 coverage premium and only paying half of the $300,000 coverage. .

**65.**

Defendants  intended to defraud the Plaintiff and/or consciously pursued their course of conduct with reckless disregard to the harm it caused the Plaintiff. In so doing, Defendants  created a substantial risk of significant harm to the Plaintiff, committed acts of intentional, egregious and outrageous conduct and acted with evil hand guided with an evil mind that should subject them to punitive damages.

**66.**

As a result of Defendants' deception, false pretense, false promises, misrepresentations and/or concealed or suppressed material facts, Plaintiff had been deprived of $150,000 of the promised $300,000 in accidental death benefits upon the accidental death of Jose C. Reynoso in Feb., 2013; Defendants are liable to the Plaintiff for these damages as well as punitive damages for their intentional conduct.

**THIRD  CLAIM FOR RELIEF**

Negligent Misrepresentation

**67.**

Plaintiff adopts herein by reference all allegations of all preceding paragraphs.

**68.**

Defendant Minnesota Life Insurance Company owed Plaintiff a duty of reasonable care when it solicited Jose C. Reynoso to purchase $300,000 of coverage for accidental death and dismemberment policy, when it provided Jose C. Reynoso an activation form in April, 2012 at Jose C. Reynoso's residence in Tucson for $300,000  coverage for accidental death and dismemberment policy through his Defendant Wells Fargo,

N.A. checking account, when it offered him $300,000 in coverage under an accidental death and dismemberment policy, when it accepted the activation form signed by Jose C. Reynoso designating the Plaintiff as his beneficiary in the amount of  $300,000 in coverage under its  accidental death and dismemberment policy, when it accepted Jose C. Reynoso's payment of $5.50 per $50,000 in coverage under its agreement for $300,000 of coverage for accidental death and dismemberment policy on the life of Jose C. Reynoso.

**69.**

Defendant Minnesota Life Insurance Company, in the course of its business as an insurance company, offered and agreed to pay Jose C. Reynoso's designated beneficiary $300,000 in coverage for  an accidental death and dismemberment insurance policy upon the death of Jose Reynoso by accidental means through an "activation form" which promised to pay $300,000 to  Jose C. Reynoso's designated beneficiary; Defendant Minnesota Life Insurance Company's activation form assured Jose C. Reynoso that he was eligible for the $300,000 in accidental death insurance coverage, that Jose C. Reynoso would have $300,000 in accidental death insurance coverage upon the signing of the activation form, designation of the intended beneficiary,  checking of the $300,000 coverage on the activation form, return of the activation form to Defendant's Wells Fargo Bank N.A. and Defendant Minnesota Life Insurance Company, payment of $5.50 per $50,000 in coverage and Defendant Minnesota Life Insurance Company would pay the Plaintiff $300,000 upon proof of the

accidental death of Jose C. Reynoso while burying in fine print at the bottom of the activation form amongst text, numbers and symbols unrelated to coverage the term all coverage is reduced by 50% at age 70 which deprived Mr. Reynoso and his designated beneficiary the $300,000 coverage that was promised and agreed to by Defendant Minnesota Life Insurance Comapny.

**70.**

Jose C. Reynoso and the Plaintiff justifiably relied on the information and agreement by Defendant Minnesota Life Insurance Company that Jose C. Reynoso was entitled to $300,000 in accidental death insurance coverage, Jose C. Reynoso purchased $300,000 in accidental death coverage from Defendant Minnesota Life Insurance Company and Defendant Minnesota Life Insurance Company would pay $300,000 in coverage to the Plaintiff upon the accidental death of Jose C. Reynoso while the insurance payment of $5.50 per $50,000 in coverage was deducted from Jose C. Reynoso's Wells Fargo Checking account each month.

**71.**

Upon the accidental death of Jose C. Reynoso on Feb. 3, 2013, Defendant Minnesota Life Insurance paid the Plaintiff only $150,000 of the $300,000 coverage resulting in a pecuniary loss of $150,000 to the Plaintiff because of the justifiable reliance on the information provided by the Defendant Minnesota Life Insurance that there was $300,000 in coverage.

**72.**

Defendant breached its duty to the Plaintiff by failing to exercise reasonable care and competence in communicating the information that all coverage is reduced by 50% at age 70 and because Mr. Reynooso was 83 at the time he purchased the $300,000 in coverage for the accidental insurance, Defendant Minnesota Life Insurance Company would pay Jose C. Reynoso's designated beneficiary, the Plaintiff, only 50% of the $300,000 in coverage agreed to by the Defendant Minnesota Life Insurance Company and paid for by Mr. Reynoso.

## FORTH CLAIM FOR RELIEF

Fraudulent Concealment

### 73.

Plaintiff adopts herein by reference all allegations of all preceding paragraphs.

### 74.

Defendant Minnesota Life Insurance Company concealed a material term in the contract for accidental death  insurance that reduced the death benefit by 50% because Jose C. Reynoso was over the age of 70 at the time he was solicited by the Defendant to purchase $300,000 in coverage which Defendant lead Jose C. Reynoso to believe that he was eligible for, applied for, purchased and paid for was really only $150,000 in coverage.

### 75.

Defendant Minnesota Life Insurance Company concealed the term in the contract for accidental death  insurance that reduced the death benefit by 50%

because Jose C. Reynoso was over the age of 70 at the time Defendant Minnesota Life Insurance Company solicited and sold him the $300,000 in accidental death coverage by prominently displaying his eligibility for $300,000 in coverage in large, bold print at the top of the activation form while at the same time burying at the bottom one inch below the signature line, in fine print amongst text, numbers and symbols unrelated to coverage the term all coverage is reduced by 50% at age 70( (All  coverage is reduced by 50% at age 70).

**76.**

Defendant Minnesota Life Insurance Company's choices as to  the size of the print disclosing the automatic 50% reduction in coverage as well as location of the term show that the concealment of the reduction in coverage  was intentional.

**77.**

Defendant Minnesota Life Insurance Company's intentional concealment prevented Jose C. Reynoso from acquiring the knowledge of the automatic reduction in coverage by 50%, the opportunity for Jose C. Reynoso to obtain the $300,000 coverage promised by Defendant Minnesota Life Insurance Company and Jose C. Reynoso's designated beneficiary, the Plaintiff, the full  $300,000 accidental death benefit agreed to by Defendant Minnesota Life Insurance Company.

**78.**

Defendant Minnesota Life Insurance Company's intentional concealment of the automatic reduction in coverage deprived Jose C. Reynoso of $150,000 in coverage

that he thought he had purchased and had paid for up to the time of his death which in turn deprived his intended beneficiary, the plaintiff, of $150,000 in coverage purchased and paid for by Jose C. Reynoso.

### FIFTH  CLAIM FOR RELIEF

Estoppel

**79.**

Plaintiff adopts herein by reference all allegations of all preceding paragraphs.

**80.**

Defendant Minnesota Life Insurance Company's actions highlighting Jose C. Reynoso's eligibility for $300,000 in accidental death insurance coverage as well as recommending $300,000 in coverage to Jose C. Reynoso, agreeing to provide the $300,000 death benefit to the Plaintiff and accepting the premium for $300,000 coverage while at the same time concealing the fact that because Jose C. Reynoso was over the age of 70 the coverage was reduced by 50%  led Jose C. Reynoso to believe he was eligible for $300,000 in coverage.

**81.**

Defendant Minnesota Life Insurance Company's actions highlighting Jose C. Reynoso's eligibility for $300,000 in accidental death insurance coverage as well as recommending $300,000 in coverage to Jose C. Reynoso, agreeing to provide the $300,000 death benefit to the Plaintiff and accepting the premium for $300,000 coverage while at the same time concealing the fact that because Jose C. Reynoso was over the age of 70 the coverage was reduced by 50% induced  Jose C. Reynoso

to believe he had purchased $300,000 in coverage for the Plaintiff from Defendant Minnesota Life Insurance Company.

**82.**

Defendant Minnesota Life Insurance Company's actions highlighting Jose C. Reynoso's eligibility for $300,000 in accidental death insurance coverage as well as recommending $300,000 in coverage to Jose C. Reynoso, agreeing to provide the $300,000 death benefit to the Plaintiff and accepting the premium for $300,000 coverage while at the same time concealing the fact that because Jose C. Reynoso was over the age of 70 the coverage was reduced by 50% led Jose C. Reynoso to purchase what he was led to believe was $300,000 in coverage from the Defendant Minnesota Life Insurance Company rather than from some other insurance company or additional coverage.

**83.**

Defendant Minnesota Life Insurance Company's actions highlighting Jose C. Reynoso's eligibility for $300,000 in accidental death insurance coverage as well as recommending $300,000 in coverage to Jose C. Reynoso agreeing to provide the $300,000 death benefit to the Plaintiff and accepting the premium for $300,000 coverage  while at the same time concealing the fact that because Jose C. Reynoso was over the age of 70 at the time he purchased $300,000 in coverage,  the coverage was reduced by 50% caused Jose C. Reynoso to reasonably believe that he had purchased $300,000 in coverage for the Plaintiff's benefit .

**84.**

Defendant Minnesota Life Insurance Company's actions highlighting Jose C. Reynoso's eligibility for $300,000 in accidental death insurance coverage, recommending $300,000 in coverage to Jose C. Reynoso, accepting the activation form for $300,000 in coverage ,agreeing to pay the $300,000 in coverage upon the accidental death of Jose C. Reynoso to the Plaintiff, charging Jose C. Reynoso for $300,000 in coverage and accepting payment for $300,000 in coverage while at the same time concealing the fact that because Jose C. Reynoso was over the age of 70 the coverage was reduced by 50% caused Jose C. Reynoso to lose $150,000 in coverage and the Plaintiff to lose $150,000 in death benefits as the intended beneficiary of Jose C. Reynoso's $300,000 accidental death insurance contract with Defendant Minnesota Life Insurance Company.

WHEREFORE, Plaintiff prays judgment against Defendants , and each of them, for the following:

1. For award of $150,000 in damages;

2. Prejudgment interest;

3. For Plaintiff's cost of suit incurred herein;

4. For punitive damages and

5. For such other and further relief as the Court deems just and proper.

DATED this  21st  day of May, 2014.

LAW OFFICES OF MICHAEL E. LARKIN

By /s/ Michael E. Larkin
    Michael E. Larkin

**CERTIFICATE OF SERVICE**

I hereby certify that on  May 21, 2014, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to all registered participants of CM/ECF System.

Peter W. Sorensen, Esq.
GREENBERG TRAURIG, LLP
2375 E. Camelback Road
Suite 700
Phoenix, Az.  85016

I hereby certify that on May 21, 2014, I will serve the attached document by U.S. first class mail and email on the following, what are not registered participants of the CM/ECF System.:

/s/ Elizabeth M. Bingham
Employee, Law Office of Michael E. Larkin